IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GEORGETTE BENITA THORNTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:22-CV-00366-TES-MSH |
| | : | |
| DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Georgette Benita Thornton, an inmate most recently confined in the Pulaski State Prison in Hawkinsville, Georgia, has recast her Complaint on the Court's 42 U.S.C. § 1983 forms (ECF No. 6) and submitted an additional motion for leave to proceed *in forma pauperis* (ECF No. 7). The Court has already granted Plaintiff leave to proceed *in forma pauperis* in this action; accordingly, her pending motion to proceed *in forma pauperis* is **DENIED as moot.** Plaintiff's claims are now ripe for screening pursuant to 28 U.S.C. § 1915A and § 1915(e). Having conducted such screening, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.    Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts

are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010; *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff raises several different claims in her Recast Complaint, which is the operative pleading in this action. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). As best as the Court can tell, Plaintiff again contends that her incarceration itself is unlawful. In addition, Plaintiff contends that she has had issues with her mail and that a prison dentist failed to provide her with adequate medical treatment. Plaintiff seeks injunctive relief and monetary damages as a result of these alleged

constitutional violations. Recast Compl. 6, ECF No. 6. For the following reasons, Plaintiff's claims are subject to dismissal.[1]

### A. Claims Related to Plaintiff's Criminal Conviction

Despite being advised that claims challenging her criminal conviction should be raised in a separate habeas corpus action under 28 U.S.C. § 2254, a large portion of Plaintiff's Recast Complaint is dedicated to her claims that she was wrongfully convicted. These § 1983 claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. If the prisoner cannot show that her conviction or sentence has been invalidated in this manner, the prisoner's § 1983 claim is not cognizable. *Id.* at 487.

If Plaintiff's claims that she was wrongfully convicted and improperly sentenced were to result in a successful judgment on her behalf, that judgment would necessarily

---

[1] The Court notes that Plaintiff's Recast Complaint consists of 63 total pages, including five exhibits. Plaintiff has also submitted at least one other additional document that may or may not contain information Plaintiff believes is relevant to her claims (ECF No. 8). Plaintiff was instructed to limit her Recast Complaint to twenty (20) pages total, including the form and any additional pages attached thereto. Order 7, Nov. 7, 2022, ECF No. 5.

imply the invalidity of her conviction or sentence. *See Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) (per curiam) (concluding that *Heck* barred prisoner's claims that "prosecution and defense conspired to commit fraud in order to wrongfully convict her of murder" because such claim "necessarily implies the invalidity of her conviction"); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that *Heck* barred damages claims based on prisoner's "contention that the defendants unconstitutionally conspired to convict him of crimes he did not commit" because judgment in favor of prisoner on those claims would necessarily undermine his conviction). Those claims must therefore be dismissed unless she "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Because Plaintiff has failed to allege any facts demonstrating that her conviction or sentence has in fact been invalidated, her claims related to her conviction and sentence are *Heck*-barred and should be dismissed.

### B. Claims Related to Prison Mailroom

Plaintiff's claims regarding her mail are not entirely clear. Plaintiff explains that Defendant Tuff was working in the mail room when she noticed that Plaintiff had received mail that was "packaged wrong." Recast Compl. 5, ECF No. 6. Instead of refusing to allow Plaintiff access to the mail, however, Defendant Tuff advised Plaintiff that she would "remove the content[s] from the packaging and place the content[s] of the letter inside a large manilla envelope," and she would then re-route that envelope to Plaintiff's dorm. *Id.* Plaintiff apparently agreed to this course of conduct. *See id.* When Plaintiff received the envelope in her dorm, however, she noticed that the large manila envelope had already been opened. *Id.* Plaintiff also noticed that the documents that should have been inside—

apparently legal transcripts mailed by her mother—were "missing and replaced" with other documents. *Id.*

A prison official's interference with an inmate's legal mail can be a constitutional violation redressable under § 1983. *See, e.g., Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008). Such claims may implicate a prisoner's constitutional right to access the courts or the prisoner's constitutional right to free speech. *See id.* at 1332-33. To the extent Plaintiff contends that Defendants' actions violated Plaintiff's constitutional right to access the courts, Plaintiff has failed to state a claim upon which relief can be granted. "'[A]ctual injury' is a constitutional prerequisite to an inmate's access-to-courts claim." *Al-Amin*, 511 F.3d at 1332. To show actual injury, a prisoner must allege that he had a legitimate claim that he was unable to pursue due to the prison officials' interference. *Id.* at 1333. Plaintiff in this case has not alleged that she suffered any "actual injury" as the result of the allegedly unlawful interference with her legal mail. It is unclear from the Recast Complaint in which underlying case Plaintiff was going to use these transcripts, whether Plaintiff was attempting to pursue a nonfrivolous claim in that underlying case, or how Plaintiff was going to use these transcripts to support such a claim. Plaintiff has therefore failed to state an actionable access-to-courts claim. *See id.* (dismissing access-to-courts claim where prisoner "provide[d] no specific cases or claims being pursued, nor any deadlines missed, nor any effect on [the prisoner's] legal claims").[2]

---

[2] To the extent it can be inferred that Plaintiff intended to use the documents in her underlying state court habeas corpus proceedings, her access-to-courts claims would be *Heck*-barred. Plaintiff's argument would have to be that she would have prevailed on her state habeas corpus claim if she had the missing documents. If these allegations were to result in a successful judgment

To the extent Plaintiff contends that Defendant Tuff interfered with her First Amendment rights by opening Plaintiff's legal mail, Plaintiff has also failed to state an actionable claim. The Eleventh Circuit has suggested that the opening of a prisoner's "clearly marked legal mail outside [the inmate's] presence" violates the First Amendment because such action tends "to chill, inhibit, or interfere with [the inmate's] ability to speak, protest, and complain openly to his attorney," thereby infringing the inmate's right to free speech. *Mitchell v. Peoples*, 10 F.4th 1226, (11th Cir. 2021). In this case, however, it is not even clear whether the original envelope can be considered "legal mail," and Plaintiff never alleges that it was "clearly marked" as such. It also appears that Plaintiff agreed that Defendant Tuff could repackage the mail so that Plaintiff could receive it in her dorm. And finally, Plaintiff does not allege that Defendant Tuff was the individual who opened the repackaged, manila envelope and purportedly removed and replaced its contents. Plaintiff has therefore failed to allege facts sufficient to show that Defendant Tuff opened Plaintiff's "clearly marked legal mail" outside of Plaintiff's presence at all or that doing so was more than negligent. *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993) (holding that "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property"). Plaintiff's claims that Defendant Tuff violated her free

---

on her behalf, that judgment would necessarily imply the invalidity of her conviction or sentence. Thus, Plaintiff's claims must be dismissed unless she "can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff makes no such allegation, as noted above. These claims would therefore be *Heck*-barred. *See Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (finding access-to-courts claim barred by *Heck* where prisoner's argument was that "state appellate courts would not have affirmed his conviction and sentence if the trial court had provided them with a record of his trial and sentencing").

7

speech rights should accordingly be dismissed.

Finally, to the extent Plaintiff may be attempting to assert a due process claim related to the loss of her documents, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.* Plaintiff has not alleged that she has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to her, and she has therefore failed to state a due process claim concerning the loss of her legal materials. Any such claim Plaintiff is attempting to raise should therefore be dismissed.

      C. <u>Medical Treatment Claims</u>

Plaintiff also alleges that Defendant Crawford, a prison dentist, failed to provide her with adequate medical care. More specifically, Plaintiff contends that Defendant Crawford extracted several of Plaintiff's teeth between 2017 and 2021. Attach. 1 to Recast Compl. 4, ECF No. 6-1. During one of these extractions, Defendant Crawford left a fragment of tooth behind; this fragment "moved down" to a nerve, causing Plaintiff significant pain. *Id.* The fragment was not discovered until a "new dentist" performed x-rays. *Id.*

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

While Plaintiff's allegations that she suffered significant pain due to the fragment of tooth left in her gums could demonstrate that she has a serious medical need, she has not pleaded facts sufficient to show that Defendant Crawford acted with deliberate indifference to that need. Plaintiff does not allege that Defendant Crawford knew Plaintiff's tooth was bothering her and failed to take any corrective action. At most, Plaintiff has alleged that Defendant Crawford may have acted negligently when she failed to remove all of Plaintiff's tooth. As noted above, mere negligence does not rise to the level of a constitutional violation. *Cannon*, 1 F.3d at 1563. Plaintiff has therefore failed to state a claim upon which relief may be granted as to her dental issues, and those claims should be dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 7) is **DENIED as moot,** and it is **RECOMMENDED** that Plaintiff's claims be

**DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED** this 28th day of December, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE